IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WORKSTEPS, INC. | § | |
|          Plaintiff, | § | |
| V. | § | |
| | § | |
| PROGRESSIVE HEALTH | § | A-14-CV-0601-LY-ML |
| REHABILITATION, INC., AN INDIANA | § | |
| COMPANY; KEITH R. BERSCH, AN | § | |
| INDIVIDUAL; AHS MEDICAL | § | |
| MANAGEMENT, INC., AN INDIANA | § | |
| COMPANY, AND DOES 1-10, | § | |
|          Defendants. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion for Partial Summary Judgment [Dkt. #23] and Defendants' Motion to Allow Discovery Under Rule 56(b) [Dkt. #33].[1] The undersigned conducted a hearing on the motions, at which the parties were represented by counsel, on Thursday, January 7, 2016. After considering the argument presented at the hearing and reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

**I.  BACKGROUND**

This is a claim for copyright infringement based on the alleged misuse of copyrighted occupational health surveys and related materials. Plaintiff Worksteps, Inc. ("Worksteps")

---

[1] The Motions were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

alleges it hired a former employee of Defendant, ProgressiveHealth Rehabilitation Inc. ("Progressive Health"), in 2013.  According to WorkSteps, that employee revealed Progressive Health was using occupational health survey materials that were substantially similar to Worksteps' copyrighted material.  Worksteps further asserts Progressive Health had access to the copyrighted material as a licensee on a limited basis in 2002, but did not have a license to use the materials in the capacity in which they were allegedly being used in 2013.

Worksteps brought an exceptionally early motion for partial summary judgment, before any substantial discovery in this matter.  Worksteps seeks judgment as a matter of law that (1) Worksteps has a valid copyright in the materials in dispute; (2) Progressive Health had access to the copyrighted material in dispute; and (3) Progressive Health's current forms are substantially similar to Worksteps' copyrighted material.

Progressive Health substantively responded to the motion, pointing out the existence of significant fact issues as to (1) whether Progressive Health actually created or used the allegedly infringing materials apparently provided by its former employee to Worksteps; (2) whether the statute of limitations is an effective affirmative defense in this case; and (3) whether the allegedly infringing materials actually copy any material that can be protected by copyright, as opposed to presenting ideas common to the industry (which are not subject to copyright protection).  This Response was contemporaneous with and subject to Progressive Health's Motion to Allow Discovery Under Rule 56(d), which alleges fact discovery into these key issues is necessary to resolve Plaintiff's claims.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S. Ct. 2505, 2513 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S. Ct. 1348, 1355-56 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995).  The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Estate of Smith v. United States,* 391 F.3d 621, 625 (5th Cir. 2004).

The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id*.

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the respondent to a summary judgment motion may move the court for more time to conduct discovery by

"show[ing], by affidavit or declaration, that, for specified reasons, it cannot present facts essential to justify its opposition" to the summary judgment motion. *Id.* The motion for discovery must state what discovery is needed. *Sibley v. Allison,* No. 98-10593, 1998 U.S. App. LEXIS. 39157, *2 (5th Cir. 1998). The discovery must not merely be general discovery, but must be relevant to addressing the merits of the motion for summary judgment, not general discovery. *Id.* at *3.

### III.  ANALYSIS

In this case, Progressive Health has demonstrated in its Response and in its Motion to Allow Discovery that material fact issues exist as to key elements of liability in this case. It may well be that summary judgment is appropriate on some or all of the issues raised by WorkSteps once the underlying factual record has been developed, but there are contested issues of fact as to the scope of copyright protection, the statute of limitations, and even whether Progressive Health created the documents alleged to infringe WorkSteps' copyright. On this record, further discovery is necessary before any meaningful consideration of the summary judgment motion can be had.

### IV.  RECOMMENDATIONS

For the reasons outlined above, the Magistrate Court RECOMMENDS that the District Court DENY Plaintiff's Motion for Partial Summary Judgment [Dkt. #23] without prejudice to re-urging once necessary discovery has been conducted.

The Magistrate Court further RECOMMENDS the District Court DENY Defendants' Motion to Allow Discovery Under Rule 56(b) [Dkt. #33] without prejudice to re-urging, if

necessary, once summary judgment is properly before the court. At this juncture, general discovery has not even begun in earnest and any consideration of summary judgment or summary-judgment specific discovery is premature.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED January 22, 2016

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE